UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ELENA PERMITO,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No.: C-12-00545 YGR<br><br>**ORDER GRANTING MOTION OF DEFENDANT WELLS FARGO BANK, N.A. TO DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Maria Elena Permito filed this wrongful foreclosure action to stop the eviction process, set aside the foreclosure proceedings, and recover damages. Her Complaint alleges three causes of action: (1) Wrongful Foreclosure; (2) Slander of Title; and (3) Injunctive Relief.

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has filed a motion to dismiss on the grounds that judicially noticeable documents discredit any claim that there was a defect in the foreclosure proceedings.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss **WITH LEAVE TO AMEND**.[1]

## I.   BACKGROUND

In July 2006, Plaintiff executed an Adjustable Rate Mortgage Note ("Note") and Deed of Trust ("Deed of Trust") in the amount of $543,750.00 in favor of World Savings Bank, FSB ("World Savings"). The Deed of Trust names Golden West Savings Association Savings Co. ("Golden West") as Trustee and grants World Savings a security interest in the residential property located at 3918 Chatham Court, South San Francisco, California 94080 ("Property").

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on April 24, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for April 24, 2012. Defendant Wells Fargo's Request to Appear Telephonically at the Motion to Dismiss Hearing, Dkt. No. 24, is **DENIED AS MOOT**.

1   Dkt. No. 1 ("Complaint") ¶¶ 3, 9-10.  Plaintiff alleges that on or about August 15, 2006, World

2   Savings securitized the Note and Deed of Trust into a mortgage-backed security and sold them to

3   a real estate investment conduit trust ("Real Estate Trust"), with Deutsche Bank National Trust

4   Company as Trustee and World Savings as servicer.  *Id.* ¶ 11.  Plaintiff alleges that as a result of

5   the sale of the Note and Deed of Trust, World Savings no longer had any beneficial interest in

6   the Note or the Deed of Trust.  *Id.* ¶ 22.[2]

7        Sometime thereafter, Wachovia Bank merged with World Savings,[3] and effective January

8   1, 2008, World Savings changed its name to Wachovia Mortgage, FSB.  Dkt. No. 20,

9   Defendant's Request for Judicial Notice in Support of Motion to Dismiss ("RJN"), Ex. B.  Also

10  thereafter, on December 31, 2008, Wells Fargo Bank, N.A. acquired Wachovia Bank in a stock-

11  for-stock merger.[4]  RJN, Exs. C & D; Complaint ¶ 4.  Plaintiff alleges that the assets Wachovia

12  acquired from World Savings, and that Wells Fargo acquired from Wachovia did not include

13  either the Note or the Deed of Trust.  *Id.* ¶ 12.[5]

14       On December 29, 2010, LPS Default Title Closing filed a notice of default ("Notice of

15  Default") on behalf of Regional Service Corporation ("Regional Service") as Trustee under the

16  Deed of Trust.  *Id.* ¶ 13.  The Notice of Default indicates that Plaintiff stopped making her

17  payments on the Note in August 2009.  Dkt. No. 5-2, Ex. F.  On March 31, 2011, Wells Fargo

18  recorded a Notice of Substitution of Trustee naming Regional Service as the Trustee under the

19  Deed of Trust.  Complaint ¶ 14.  Concurrent with recording the Notice of Substitution of Trustee,

20

21       [2] Plaintiff's basis for alleging that her loan was sold to a Real Estate Trust is dubious.  She relies
22  upon an Auditor's Report of a mortgage broker, *see* Affidavit of Teri L. Petit, Dkt. No. 5, prepared after a
    review of Golden West's Form 10-K, filed with the Securities and Exchange Commission.  The text on
23  which the mortgage broker relies for this conclusion provides that "We often securitize our portfolio loans
    into mortgage-backed securities."  *Id.*; Dkt. No. 5-2, Ex. C at 37.  However, that same paragraph in
    Golden West's Form 10-K goes on to state that "we have retained all of the beneficial interests in these
24  MBS securitizations."  *Id.*  Thus, not only does the Form 10-K not establish that Plaintiff's particular loan
    was securitized into a mortgage-backed security, but it directly contradicts Plaintiff's assertion that
25  Defendant did not retain any beneficial interest in her loan if it did securitize her loan.
         [3] Plaintiff actually alleges that Wachovia Bank purchased some of World Savings' assets.
26  However, judicially noticed documents reveal that the original lender, World Savings Bank, FSB, simply
    changed its name to Wachovia Mortgage, FSB, which became a division of Wells Fargo Bank, N.A.  *See*
27  RJN, Exs. A-D.  Accordingly, this allegation is not entitled to the assumption of truth.
         [4] On November 1, 2009, Wachovia Mortgage, FSB merged into and became a division of Wells
28  Fargo Bank, N.A.
         [5] In support, Plaintiff cites to a two-paragraph press release announcing the fact that Wachovia
    and Wells Fargo merged as proof of the assets acquired by Wells Fargo through the merger.

1    and also on March 31, 2011, Wells Fargo recorded a Notice of Trustee's Sale of the Property.

2    *Id*. ¶ 15.  On September 26, 2011, Wells Fargo purchased the Property at the Trustee's Sale, and

3    on or about September 28, 2011, Wells Fargo recorded a Trustee's Deed on the Property.  Dkt.

4    No. 5-2, Ex. H ("Trustee's Deed"); Complaint ¶ 16.

5         Following the Trustee's Sale, Wells Fargo brought an unlawful detainer action to evict

6    Plaintiff from the Property.  RJN, Ex. K; Dkt. No. 5-2, Ex. I.  Wells Fargo gained right of

7    possession to the Property through a default judgment entered on December 22, 2011.  RJN, Ex.

8    K.  On January 10, 2012, Plaintiff filed for Chapter 11 bankruptcy.  RJN, Ex. L.  Wells Fargo

9    successfully moved to lift the automatic stay, and on February 9, 2012, the stay was lifted.  RJN,

10   Ex. M.

11        On February 2, 2012, Plaintiff initiated this federal diversity action seeking to enjoin the

12   eviction, and alleging various irregularities in the foreclosure proceedings.  She alleges the

13   foreclosure mechanics were flawed because the substitution of trustee was recorded after the

14   notice of default was recorded, Complaint ¶¶ 19-20; "there is no recorded assignment of the

15   Deed of Trust naming Wells Fargo as beneficiary [of this security instrument]," *id.* ¶ 23; and

16   Wells Fargo lacked standing to conduct the foreclosure, *id.*¶¶ 11, 22.  Further, she alleges that

17   Wells Fargo slandered the title to the Property by recording false documents during the

18   foreclosure process.

19   **II.    LEGAL STANDARD**

20        A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged

21   in the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  All allegations

22   of material fact are taken as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, legally

23   conclusory statements, not supported by actual factual allegations, need not be accepted.  *See*

24   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff's obligation to provide the grounds of

25   her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of

26   the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

27   (2007) (citations and quotations omitted).  Rather, the allegations in the complaint "must be

28   enough to raise a right to relief above the speculative level."  *Id*.

1     Review generally is limited to the contents of the complaint and documents attached

2 thereto. *Allarcom Pay Television. Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir.

3 1995). Additionally, the Court may consider matter that is properly the subject of judicial notice

4 – such as court filings and matters of public record – without converting a motion to dismiss into

5 one for summary judgment. *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). The

6 Court finds that the documents submitted by Wells Fargo are properly the subject of judicial

7 notice. Fed. R. Evid. 201(b)(2). All are documents issued by a legislative or executive

8 department of the United States, public records pertaining to the Property,[6] or court filings. The

9 Court will take judicial notice of the dates, parties, and legally operative language of these

10 documents, but not the truth of various factual representations made in the documents. *See Lee*,

11 *supra*, 250 F.3d at 690.

12 **III.   ANALYSIS**

13     In California, nonjudicial foreclosure sales are governed by a "comprehensive" statutory

14 scheme found in California Civil Code Sections 2924 through 2924k. *Knapp v. Doherty*, 123

15 Cal. App. 4th 76, 86 (Cal. Ct. App. 2004). Upon default on the loan by the homeowner, the

16 beneficiary to the Deed of Trust may declare a default and proceed with a nonjudicial foreclosure

17 sale. Cal. Civ. Code § 2924. The foreclosure process commences by recording the notice of

18 default and election to sell. *Id.* The trustee or beneficiary must then wait three months before

19 proceeding with any nonjudicial foreclosure sale. *Id.* § 2924(b). After three months has elapsed,

20 a notice of sale must be published, posted, mailed and recorded. *Id.* § 2924f. The property then

21 must be sold at public auction to the highest bidder. *Id.* § 2924g(a).

22     **A.   WRONGFUL FORECLOSURE**

23     A nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly.

24 *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 444 (Cal. Ct. App. 2003) ("Our analysis proceeds on

25 the presumption of validity accorded the foreclosure sale"). To state a cause of action for

26 wrongful foreclosure, the Plaintiff must plead "(1) the trustee or mortgagee caused an illegal,

27 fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage

28

[6] Many of the documents are attached to Plaintiff's Complaint as exhibits.

4

or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (Cal. Ct. App. 2011).

> ### 1. Requirement of Illegal, Fraudulent, or Willfully Oppressive Sale of Real Property

The first element for a wrongful foreclosure claim is that the property was illegally or fraudulently sold under a power of sale in a deed of trust. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010) (citing *Munger v. Moore*, 11 Cal. App. 3d 1, 7 (Cal. Ct. App. 1970)). In addition, Plaintiff also must allege that the imperfection in the nonjudicial foreclosure process of which she complains harmed or prejudiced her interests. *See Debrunner v. Deutsche Bank Nat'l Trust Co.*, 204 Cal. App. 4th 433, 443 (Cal. Ct. App. 2012) (failure to allege prejudice caused by defective notice of default failing to identify the beneficiary and identifying a trustee before a recorded substitution). Plaintiff asserts that the sale was illegal or fraudulent because the Notice of Default was invalid and the foreclosing entity did not have a beneficial interest in the Note or Deed of Trust, but she does not allege her interests were harmed or prejudiced.

> #### a) Notice of Default

Only the trustee, mortgagee, or beneficiary, or an authorized agent may record a Notice of Default. Cal. Civ. Code § 2924(a)(1). The Notice of Default must identify the trustee, provide the instrument number under which the Deed of Trust was recorded, inform the borrower of the amount in arrears, and notify borrower of the election to sell under first Deed of Trust. *Id.* § 2924; *Rosenfeld*, *supra*, 732 F. Supp. 2d at 963. The primary purpose of the Notice of Default is to notify the homeowner that a default has occurred, the amount required to cure that default, and that a foreclosure sale is imminent. *See Knapp*, *supra*, 123 Cal. App. 4th at 88, 99.

The first basis for Plaintiff's claim for wrongful foreclosure is that Wells Fargo did not comply with the provisions of California Civil Code Section 2934a, relating to the procedure for

1  substitution of trustee, before it recorded the Notice of Default.  Under a deed of trust, the trustee

2  may be substituted by executing and recording a substitution of trustee.  Cal. Civ. Code § 2934a

3  (a)(1).  Once the substitution of trustee is recorded, the new trustee succeeds to all powers,

4  duties, authority, and title granted and delegated to the trustee named in the deed of trust.  *Id*. §

5  2934a (a)(4).  Additionally, the new trustee is deemed to be authorized to act as trustee from the

6  date the substitution is executed.  *Id*. § 2934a(d).  This permits the substitution of trustee to be

7  recorded after the notice of default has been recorded, provided that the substitution of trustee is

8  recorded prior to or concurrently with recording the notice of sale.  *Id*. § 2934a(b)-(c).

9       Here, Plaintiff alleges that the Notice of Default was invalid when filed in December

10 2010 because the Notice of Default erroneously lists Regional Service as the Trustee, but

11 Regional Service was not substituted as Trustee until March 31, 2011, when the Substitution of

12 Trustee was recorded.  Wells Fargo argues that California Civil Code § 2934a(c) allows the

13 Substitution of Trustee to be executed and recorded after the Notice of Default is filed as long as

14 the Substitution of Trustee is recorded prior to or concurrent with the Notice of Sale.  Thus,

15 Wells Fargo asserts that the Notice of Default was valid because the Substitution of Trustee was

16 recorded concurrently with the Notice of Sale.  To support this contention, Wells Fargo submits

17 judicially noticeable documents, which also are attached to Plaintiff's Complaint, that establish

18 that the Substitution of Trustee was recorded concurrently with the Notice of Sale.[7]

19       With respect to a faulty Notice of Default, even if the process was defective, Plaintiff

20 does not allege she was harmed by any technical defect in the nonjudicial foreclosure

21 proceedings.  Plaintiff simply alleges that the statutory requirements were not strictly complied

22 with and any subsequent actions, including the foreclosure sale, must be set aside as invalid and

23 wrongful.  However, Plaintiff fails to allege prejudice or harm.

24       Based on this analysis, the Court finds that Plaintiff has failed to state a claim upon which

25

26        [7] In her opposition brief, Plaintiff argues that only the Trustee, Beneficiary or their agent has the
authority to record a notice of default.  Plaintiff argues that here, the Notice of Default was improperly
27 recorded on December 29, 2010 before Regional Service even executed the substitution of trustee
documents on January 8, 2011.  On that basis, Plaintiff argues that it was improper for Regional Service
28 to record the Notice of Default when it did.  In Reply, Wells Fargo argues that, as Beneficiary of the Deed
of Trust, Wells Fargo was empowered to direct Regional Service to record the Notice of Default on its
behalf.

1  relief can be granted as to this basis for her wrongful foreclosure claim.  Accordingly, the Court

2  **DISMISSES** this basis for the wrongful foreclosure claim **WITH LEAVE TO AMEND**.

3                          *b)*      *Cal. Civ. Code § 2932.5*

4                  Next, Plaintiff alleges that the foreclosure sale was invalid because

5  Defendant failed to comply with California Civil Code Section 2932.5.  Complaint ¶ 21.  That

6  section, which requires that an assignment of the beneficial interest in a debt secured by real

7  property must be recorded in order for the assignee to exercise the power of sale, applies only to

8  a mortgage and not to a deed of trust.  *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118

9  (Cal. Ct. App. 2011).  In support of her claim that Wells Fargo was required to comply with

10  California Civil Code Section 2932.5, Plaintiff relies on a bankruptcy case, *in re Salazar*, 448

11  B.R. 814, 819 (Bankr. S.D. Cal. 2011) *rev'd and remanded*, 11-CV-907-L BLM, 2012 WL

12  896214 (S.D. Cal. Mar. 15, 2012), which was subsequently reversed.[8]  Because Plaintiff's

13  lawsuit concerns a Deed of Trust, as a matter of law, Plaintiff cannot base her wrongful

14  foreclosure claim on failure to comply with statutory recording requirements that apply only to

15  mortgages.

16          Based on this analysis, the Court finds that Plaintiff has failed to state a claim upon which

17  relief can be granted as to this basis for her wrongful foreclosure claim.  Further, Plaintiff could

18  not cure this deficiency.  Therefore, the Court **DISMISSES** this basis for her claim of wrongful

19  foreclosure **WITHOUT LEAVE TO AMEND**.

20                          *c)*      *Wells Fargo's Standing to Foreclose*

21                  Plaintiff alleges that World Savings assigned its interests in the Note and

22  Deed of Trust to the Real Estate Trust, and that as a result of this assignment, World Savings

23  retained the servicing rights, Deutsche Bank National Trust Company became the Trustee and

24  that World Savings no longer had any beneficial interest in the loan.  In addition, Plaintiff alleges

25  that World Savings' successors in interest, Wachovia and Wells Fargo, never acquired any

26  beneficial interest in the Note or Deed of Trust through merger.  She also alleges that the public

27

28

[8] The district court reversed the bankruptcy court in the *in re Salazar* case after Plaintiff filed her opposition brief.

7

1    records do not reflect any assignment of the Note or Deed of Trust to Wells Fargo (or Wachovia)

2    in the chain of title.

3           Plaintiff fails to allege facts to support her theory that World Savings sold or assigned its

4    interests in the Note and Deed of Trust to the Real Estate Trust.  According to the Complaint,

5    public records do not reflect any assignment of the Note or Deed of Trust to the Real Estate

6    Trust.[9]  Plaintiff alleges that this makes it impossible to determine which party or parties have

7    purchased an interest in the loan.  Complaint ¶ 22.  Defendant offers a more plausible

8    explanation for the absence of such a record of sale or assignment in the public chain of title:

9    "plaintiff's loan was never sold to another entity."  Mot. Dismiss 5.

10           To the extent that Plaintiff argues that Wells Fargo lacked standing to foreclose on the

11   Property because Wells Fargo's predecessor in interest, World Savings, sold its beneficial

12   interest in the Deed of Trust, this argument fails as a matter of law.[10]  Wells Fargo cites to a

13   number of cases holding that the power of sale pursuant to the deed of trust is not lost if a loan is

14   securitized and assigned to a real estate trust pool.  Mot. Dismiss 4-5; *see, also, Lane v. Vitek*,

15   713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("The argument that parties lose their interest in a

16   loan when it is assigned to a trust pool has also been rejected by many district courts.").  Plaintiff

17   does not offer any contrary legal authority, but instead attempts to distinguish these cases on the

18   basis that the cases considered only the rights of Mortgage Electronic Registration Systems, Inc.

19   ("MERS"), which is not a party to the Note or Deed of Trust at issue in this action.  Pl.'s Opp'n

20   5-6.

21           Plaintiff's distinction of Wells Fargo's cases is misplaced for two reasons.  First, the

22

23           [9] In her Opposition, Plaintiff does not dispute Wells Fargo's assertion that it was unnecessary to assign the Deed of Trust to Wells Fargo since the original lender, World Savings, simply changed its name to Wachovia and then merged into Wells Fargo.  *See* Pl.'s Opp'n 5; Mot. Dismiss 7.  What Plaintiff disputes is that Wells Fargo acquired the beneficial interest in the Deed of Trust when World Savings changed its name to Wachovia and merged into Wells Fargo.  Pl.'s Opp'n 5.  Instead, she argues that through merger and acquisition Wells Fargo acquired only the servicing rights to the Note and Deed of Trust.  *Id.*

26           [10] Insofar as this is a "fact" and not a legal conclusion masquerading as a fact, Plaintiff attached to her Complaint Golden West's Form 10-K, which directly contradicts Plaintiff's allegation: "we have retained all of the beneficial interests in these MBS securitizations."  Dkt. No. 5-2, Ex. C at 37.  Factual allegations contradicted by documents attached to the Complaint are not entitled to an assumption of truth.  *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (courts are not required to accept as true "allegations contradicted by documents referred to in the complaint") (citation omitted).

1  cases cited by Wells Fargo concerned the rights of MERS as well as other financial institutions.

2  In each case, the court held that the financial institution – whether MERS or another financial

3  institution – did not lose an interest in a deed of trust after selling the deed of trust to a real estate

4  trust pool on the secondary market.  Thus, the cases address the precise issue here, whether a

5  financial institution (here, World Savings and its successor in interest Wells Fargo) loses its

6  interest in a deed of trust when the loan is securitized and sold on the secondary market.  Second,

7  even if those cases involved only the interests of MERS, those cases still are persuasive.  If

8  MERS, which held only a "nominal" interest in a particular deed of trust, does not lose its

9  nominal interest when a loan is packaged and resold on the secondary market, then *a fortiori*,

10  World Savings, which had a beneficial interest, also did not lose that beneficial interest if the

11  loan was securitized and sold on the secondary market.

12         Based on this analysis, the Court finds that Plaintiff has failed to state a claim upon which

13  relief can be granted as to this basis for her wrongful foreclosure claim.  Therefore, this basis for

14  her claim of wrongful foreclosure is **DISMISSED WITH LEAVE TO AMEND**.

15                  *d)*      <u>Ability of Any Entity to Foreclose</u>

16         Although Plaintiff has not adequately pled facts to support the contention

17  that the wrong entity foreclosed upon her interest in Property, for a foreclosure to be "wrongful,"

18  Plaintiff also must allege that no entity had the right to foreclose upon her, not simply that the

19  wrong entity foreclosed upon her.

20         An action for the tort of wrongful foreclosure will lie [only] if the trustor or
21         mortgagor can establish that at the time the power of sale was exercised or
       the foreclosure occurred, no breach of condition or failure of performance
22         existed on the mortgagor's or trustor's part which would have authorized the
       foreclosure or exercise of the power of sale.

23  *Roque v. Suntrust Mortgage, Inc.*, No. C09-00040 RMW, 2010 WL 546896, at *3 (N.D.

24  Cal. Feb. 10, 2010) (citing *Collins v. Union Federal Sav. & Loan Ass'n*, 99 Nev. 278, 282 (Nev.

25  1983)) (quoted in *Das v. WMC Mortg. Corp.*, C10-0650 PSG, 2011 WL 2847412, at *2 (N.D.

26  Cal. Jun. 8, 2011) report and recommendation adopted by C10-00650 LHK, 2011 WL 2847288

27  (N.D. Cal. Jul. 18, 2011); *Das v. WMC Mortg. Corp.*, C10-0650 PVT, 2010 WL 4393885, at *7

28  (N.D. Cal. Oct. 29, 2010); and *Parcray v. Shea Mortg. Inc.*, 2010 WL 1659369, at *12-13 (E.D.

1  Cal. Apr. 23, 2010)).

2       Without alleging her own performance under the Deed of Trust such that no entity was

3  entitled to foreclose, Plaintiff is unable to raise a wrongful foreclosure claim.  Because Plaintiff

4  does not allege that no breach of performance occurred on her part, Plaintiff fails to meet her

5  burden in pleading a claim for wrongful foreclosure.

6                   **2.**       *Requirement of Prejudice*

7       Irregularities in a nonjudicial foreclosure sale may be grounds for setting it aside

8  only if they are prejudicial to the party challenging the sale.  Accordingly, the party attacking the

9  sale must allege that she was prejudiced or harmed by the violation of the foreclosure statute.

10  Liberally construing the Complaint, the harm alleged is that there is a cloud on her title which

11  affects the vendibility of the land, and that *if* she is wrongfully forced to leave her home, such

12  injury is irreparable.  Complaint ¶¶ 24-25, 28-30, 32.  As noted above, for a foreclosure to be

13  wrongful, no one can have the right to foreclose.  However, based upon the factual allegations,

14  including the documents attached to the Complaint, Plaintiff defaulted on the Deed of Trust,

15  which allows the Trustee (or Beneficiary) to foreclose upon the Property.  If the Trustee (or

16  Beneficiary) has the right to foreclose, then Plaintiff must allege facts that show the violation of

17  the foreclosure statute itself, not just the foreclosure, was the cause of her injury (for example, if

18  two parties are now trying to collect the same debt).  Here, Plaintiff alleges that the foreclosure

19  caused her injury, not that a violation of a statute caused her injury.  Therefore, Plaintiff fails to

20  allege the type of harm or prejudice necessary to state a claim for wrongful foreclosure.

21                   **3.**       *Requirement of Tender*

22       Finally, in order to set aside a foreclosure, Plaintiff must allege that she offered to

23  tender the full amount of the secured indebtedness or that she was excused from tendering.  *See*

24  *Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (Cal. Ct. App. 1996); *see also*

25  *Guerrero v. Greenpoint Mortg. Funding, Inc.*, Case No. 10-15333, 2010 WL 4117102, at *1 (9th

26  Cir. Oct. 20, 2010) (stating the plaintiffs "lacked standing to bring a claim for 'wrongful

27  foreclosure,' because they failed to allege actual, full and unambiguous tender of the debt owed

28  on the mortgage").  "This requirement is based on the theory that one who is relying upon equity

1    in overcoming a voidable sale must show that he is able to perform his obligations under the

2    contract so that equity will not have been employed for an idle purpose." *Dimock v. Emerald*

3    *Properties LLC*, 81 Cal. App. 4th 868, 878 (Cal. Ct. App. 2000) (*citing Karlsen v. Am. Sav. &*

4    *Loan Assn.*, 15 Cal. App. 3d 112, 118 (Cal. Ct. App. 1971)).  Here, Plaintiff has not alleged

5    tender or that tender should be excused.  Although Plaintiff argues in her opposition that tender

6    should be excused, Plaintiff does not allege this in her Complaint.

7        Based on this analysis, the Court finds that Plaintiff has failed to state a claim upon which

8    relief can be granted for her wrongful foreclosure claim.  Accordingly, the Court **GRANTS** the

9    Motion to Dismiss the wrongful foreclosure claim **WITH LEAVE TO AMEND**.

10       **B.    SLANDER OF TITLE**

11       The elements for a cause of action for slander of title are:  (1) publication of a matter; (2)

12   which is without privilege to do so; (3) which is untrue and disparaging to another's property in

13   land; (4) under such circumstances as would lead a reasonable person to foresee that a third party

14   purchaser or lessee thereof might be induced not to deal with plaintiff; and (5) plaintiff must

15   have suffered damages as a result.  *Ayala v. World Sav. Bank, FSB*, 616 F. Supp. 2d 1007, 1012

16   (C.D. Cal. 2009) (citing *Gudger v. Manton*, 21 Cal. 2d 537, 541 (Cal. 1943)).  The alleged

17   slander was recording the Substitution of Trustee, the Notice of Trustee's Sale, and the Trustee's

18   Deed.  According to Plaintiff, recording these documents was slanderous because "Wells Fargo

19   was not the true beneficiary under the Deed of Trust at the time the Substitution of Trustee, the

20   Notice of Trustee's Sale, and the Trustee's Deed were recorded."  See Pl.'s Opp'n 10.  Plaintiff

21   alleges the recordation "was false, knowingly wrongful, without justification, in violation of

22   statute, unprivileged, and caused doubt to be placed on Plaintiff's title to the property."

23   Complaint ¶ 29.  She further alleges that recording these documents "directly impairs the

24   vendibility of Plaintiff's property on the open market."  *Id.*[11]

25       Wells Fargo argues that there is no false statement because Wells Fargo, as successor in

26   interest to World Savings, is the proper beneficiary under the Deed of Trust.  As discussed in

27

28       [11] This allegation regarding vendibility and clouded title also fails to satisfy the fifth element of
     the claim because there is no suggestion that Plaintiff has, is, or plans to sell the Property but cannot
     because of some cloud over the title.

1    Section III.A.1, *supra*, Plaintiff fails to allege facts that show Wells Fargo did not have a

2    beneficial interest in the Deed of Trust.  Consequently, Plaintiff fails to satisfy the false

3    statement element of this cause of action.

4        Additionally, Wells Fargo argues that the purported publication of the slanderous

5    statements is subject to statutory privilege because Plaintiff fails to allege malice as opposed to

6    negligence recording the documents.  Absent factual allegations of malice, a trustee's

7    performance of the statutory procedures in a nonjudicial foreclosure is subject to the qualified,

8    common-interest privilege of California Civil Code § 47(c)(1).  *Kachlon v. Markowitz*, 168 Cal.

9    App. 4th 316 (Cal. Ct. App. 2008) (holding slander of title claim barred by privilege).  Malice

10   requires "'that the publication was motivated by hatred or ill will towards the plaintiff *or* by a

11   showing that the defendant lacked reasonable grounds for belief in the truth of the publication

12   and therefore acted in reckless disregard of the plaintiff's rights.'"  *Id.* at 336 (quoting *Sanborn v.*

13   *Chronicle Pub. Co.*, 18 Cal. 3d 406, 413 (Cal. 1976)) (emphasis in original).  Plaintiff argues that

14   she has pled the malice element because "Wells Fargo acted recklessly by merely assuming that

15   it owned the beneficial interest in Plaintiff's Deed of Trust by virtue of its acquisition."  Pl.'s

16   Opp'n 11.  This is not alleged in the Complaint and, even if this was alleged in the Complaint,

17   this fails to show malice.

18       Based on this analysis, the Court finds that Plaintiff has failed to state a claim upon which

19   relief can be granted as to her claim for slander of title.  Accordingly, the Court **GRANTS** the

20   Motion to Dismiss the claim for slander of title **WITH LEAVE TO AMEND**.

21       **C.     INJUNCTIVE RELIEF IS A REMEDY, NOT A CAUSE OF ACTION**

22       Plaintiff's third cause of action fails to state a claim because "injunctive relief" is a

23   remedy, not a cause of action.  If Plaintiff seeks injunctive relief, she should request it in her

24   prayer for relief.

25       Based on this analysis, the Court finds that Plaintiff has failed to state a claim upon which

26   relief can be granted as to her claim for injunctive relief.  Accordingly, the Court **GRANTS** the

27   Motion to Dismiss the injunctive relief claim.  Plaintiff's claim for injunctive relief is **DISMISSED**

28   **WITH PREJUDICE** to the extent it is pled as a separate cause of action, and **DISMISSED WITHOUT**

1   PREJUDICE to the extent it is a prayer for relief.

2   IV.        CONCLUSION

3            For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss, Dkt.

4   No. 19, WITH LEAVE TO AMEND.  Plaintiff's First and Second Causes of Action for Wrongful

5   Foreclosure and Slander of Title are DISMISSED WITHOUT PREJUDICE.  Plaintiff's Third Cause

6   of Action for Injunctive Relief is DISMISSED WITH PREJUDICE to the extent it is pled as a

7   separate cause of action, and DISMISSED WITHOUT PREJUDICE to the extent it is a prayer for

8   relief.

9            No more than 21 days after the date this order is filed, Plaintiff shall file an amended

10  complaint.  Any response to the amended complaint shall be filed no more than 21 days after

11  service.

12           The Hearing on the Motion to Dismiss set for April 24, 2012 is VACATED.

13           Defendant Wells Fargo's Request to Appear Telephonically at the Motion to Dismiss

14  Hearing, Dkt. No. 24, is DENIED AS MOOT.

15           This Order Terminates Docket Numbers 19 & 24.

16           IT IS SO ORDERED.

17

18  April 20, 2012                              _____

19                                                           YVONNE GONZALEZ ROGERS

20                                                     UNITED STATES DISTRICT COURT JUDGE

21

22

23

24

25

26

27

28